JUDE G. GRAVOIS, Judge.
| .¿Plaintiffs, Elizabeth and John Weiss, have appealed the trial court’s grant of the defendants’ Motion for Summary Judgment. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND

On March 16, 1999, plaintiffs filed suit against Mazda Motor Corporation of America, Inc. (“Mazda”) and Royal Oldsmobile/Mazda Co., Inc. alleging that Mrs. Weiss was injured when the air bags deployed in her 1994 Mazda MX3. The petition alleges that the air bags deployed upon impact when Mrs. Weiss struck a parked vehicle while driving at a slow rate of speed. Plaintiffs allege that the air bags caused severe injuries to Mrs. Weiss including multiple fractures in her arm, injuries to her eye, and severe contusions and bruising throughout her body, resulting in permanent injury. Mr. Weiss alleged that he sustained loss of consortium due to the injuries sustained by his wife.
13On November 25, 2009, the defendants filed a Motion for Summary Judgment claiming that the plaintiffs cannot sustain their burden of proof under the Louisiana Products Liability Act. Plaintiffs opposed the motion arguing that the failure to provide an adequate warning explaining how and when the air bags would deploy and failure to explain that severe injury could occur to the driver if the air bags deployed rendered the vehicle unreasonably dangerous. The defendants filed a reply to plaintiffs’ opposition repeating their argument. Plaintiffs then supplemented their opposition with the deposition of Mrs. Weiss’s treating physician. At a hearing on March 9, 2010, the plaintiffs were granted a continuance on the arguments of the motion to allow their attorney time to obtain affidavits from both plaintiffs. These affidavits were obtained and the merits of the motion were argued on March 30, 2010. Following the hearing, the trial judge took the matter under advisement and then rendered judgment granting the defendants’ motion for summary judgement. Plaintiffs have appealed this judgment.

APPLICABLE LAW

Appellate courts conduct a de novo review of a summary judgment under the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. The summary judgment procedure is favored and is designed to secure the just, speedy and inex *726 pensive determination of every action, except those disallowed by law. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to |4material fact and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2). When the moving party, who will not bear the burden of proof at trial on the matter before the court on summary judgment, points out an absence of support for one or more elements essential to the adverse party’s claim, action or defense, the non-moving party must produce support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If the non-moving party fails to do so, there is no genuine issue of material fact for trial and summary judgment is appropriate. La. C.C.P. arts. 966 and 967.
The Louisiana Product Liability Act (“the LPLA”), which is set forth in Louisiana Revised Statutes 9:2800.51, et seq., establishes the exclusive theories of liability for manufacturers for damages caused by their products. LSA-R.S. 9:2800.52. Specifically, the LPLA provides that “[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product.” LSA-R.S. 9:2800.54A. A product may be deemed “unreasonably dangerous” due to its composition or construction, its design, the manufacturer’s failure to provide adequate warning, or the product’s failure to conform to an express manufacturer’s warranty. LSA-R.S. 9:2800.54B. It is the burden of the claimant seeking recovery to prove that the product is unreasonably dangerous. LSA-R.S. 9:2800.54D. The existence of a vice or defect in a product will not be inferred on the sole fact that an accident occurred. Jaeger v. Automotive Casualty Ins. Co., 95-2448 (La.App. 4 Cir. 10/9/96), 682 So.2d 292, 298, writ denied, 96-2715 (La.2/7/97), 688 So.2d 498.

\ ARGUMENTS OF THE PARTIES

In the case at bar, plaintiffs initially claimed the Mazda was defective in that it was improperly designed and manufactured, that there was a breach of express and implied warranties, and that there was a failure to warn of severe potential injures from the air bag deploying in low speed impacts. However, by the time the matter proceeded to the hearing on the defendants’ Motion for Summary Judgment, plaintiffs’ counsel stated that plaintiffs had abandoned all theories of liability and their claim was based solely on the theory of inadequate warning.
With reference to the allegation that Mazda failed to provide adequate warning, in their Motion for Summary Judgment, the defendants argued that plaintiffs cannot prove that the subject vehicle was unreasonably dangerous due to a warning defect. The defendants acknowledge that the LPLA requires a manufacturer to provide adequate warnings about its product if the product possesses a characteristic that may cause damage. The defendants argue, however, that in order to prevail on an inadequate warning claim, the plaintiffs must not only show the warning was inadequate, they must also propose an adequate warning that if provided would lead an ordinary reasonable user to contemplate the danger in using the product in such a manner as to avoid the danger for which the claim is made. The defendants argue that the plaintiffs failed to identify a particular defective warning and have not *727 identified an expert witness to testify regarding the warnings used or to propose an alternative warning.
In their opposition memorandum, plaintiffs cited excerpts from the owner’s manual stating that the “air bags will inflate only during a frontal or near-frontal collision that is at least moderate in force.” Plaintiffs contend that the accident in question was not a “true ‘frontal collision’ ” but rather a “glancing blow to the front edge/side of the car.” They argue that it occurred at low speed which “certainly | ¿was not at least ‘moderate’ in force.” Plaintiffs point out that there are no definitions of the words “moderate impact” in the manual. They conclude that the implication to the ordinary driver, like Mrs. Weiss, was that the seat belts work to protect you in an accident such as the one Mrs. Weiss incurred and that the air bags deploy in a high speed severe impact. They further argue that there is no warning whatsoever stating that severe injury could occur from the air bags deploying, which alone makes the warning inadequate and the car unreasonably dangerous in normal use. Additionally, plaintiffs state that Mrs. Weiss’s seat was positioned as far back as possible and she still suffered severe permanent injuries from the air bags.
In support of these arguments, plaintiffs submitted the deposition testimony of Mr. and Mrs. Weiss. Mrs. Weiss testified that she was driving 20 miles per hour or less at the time she struck the parked vehicle. She did not think she applied her brakes before striking the vehicle. Mrs. Weiss explained that she was wearing her seat belt, her seat was positioned back as far as it would go at the time of the accident, and the driver’s side air bag deployed upon impact. Mrs. Weiss testified that when she was shopping for this car, safety was the first criteria. She explained that this was the first vehicle she owned with an air bag and she read the owner’s manual right after she purchased the vehicle. She did not recall any specific information contained in the owner’s manual regarding the air bags, but she assumed that the air bags would provide “great safety at high speeds.”
In the portions of Mr. Weiss’s deposition that were submitted by plaintiffs, Mr. Weiss testified that he had also read the owner’s manual for the vehicle immediately after they purchased the car. He explained that from reading the manual, it was his impression that the air bag would deploy in a frontal collision on |7a highway. He expounded that he did not expect the air bags to deploy in an accident that occurred at 20 miles per hour.
In their reply to plaintiffs’ opposition, defendants again argue that the plaintiffs cannot prevail on their inadequate warning claim. The defendants contend that plaintiffs have not established that the vehicle’s supplemental restraint system contained a dangerous characteristic nor they have presented any admissible evidence of a proposed alternative adequate warning or shown that an alternative warning would have changed the behavior of an ordinary reasonable user. Defendants further argue that plaintiffs failed to present any proof that an alternative warning would have prevented plaintiffs’ damages. They contend that the possible proposed alternative warning as argued in plaintiffs’ opposition is insufficient to carry their burden of proof. Further, the defendants contend that the plaintiffs have not shown that the air bag caused Mrs. Weiss’s injuries.
In response to the defendants’ arguments, the plaintiffs submitted the deposition of Dr. Joseph Rauchwerk, Mrs. Weiss’s treating physician. Dr. Rauch-werk testified that the impact from the air bag caused the injury to Mrs. Weiss’s arm. Plaintiffs were also granted a continuance *728 in order to submit their own affidavits. In her affidavit, Mrs. Weiss attests that safety was a prime concern in purchasing this car and if she had known that the air bag can deploy in a non-frontal impact from accident at speeds of 20 miles per hour or less and can cause severe permanent injury even if the seat is positioned all the way back, she would not have purchased this car. She also attests that had she read this information in the owner’s manual after purchasing the car, she would have returned the car immediately. Mr. Weiss makes the same attestations in his affidavit. Additionally, Mr. Weiss attests that he had the air bags dismantled shortly after this accident due to his fear of them deploying and causing damage in a slow speed collision.
|RAt the hearing on the motion, the defendants pointed out that the accident was due to the fault of Mrs. Weiss who drove her vehicle into a parked car. The defendants repeated their argument that the plaintiffs have failed to submit an alternative adequate warning or a proposed alternative adequate warning that would have led an ordinary reasonable user to do something differently. The defendants further argued that the plaintiffs’ self-serving affidavits do not carry their burden under the LPLA. The defendants contend that these affidavits only state what the plaintiffs would have done if there had been an additional warning; however, plaintiffs’ burden under the LPLA is to prove what a reasonable ordinary user would have done differently had there been an additional warning.
The plaintiffs argued that the LPLA does not require the plaintiff to provide an alternate warning. Citing LSA-R.S. 9:2800.57, plaintiffs argued that the defendant failed to provide an adequate warning that the vehicle possessed a characteristic that may cause damage, i.e., an air bag exploding at high velocity in a 20 miles per hour crash. The plaintiffs contend that this was not a frontal collision; however, after some discussion with the trial judge, plaintiffs’ counsel admitted that this was a near frontal collision. The plaintiffs then argued that because “moderate accident” was not defined in the owner’s manual, an ordinary person does not know what that term means, rendering the warning inadequate.
In rebuttal, the defendants argued that the plaintiffs failed to hire an expert to determine the speed and force of the accident. The defendants concluded that the plaintiffs failed to show that a reasonable ordinary user would have acted differently if there had been a different warning.

ANALYSIS

LSA-R.S. 9:2800.57 provides in pertinent part:
LA. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer’s control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
B. A manufacturer is not required to provide an adequate warning about his product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product’s characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.
*729 The LPLA defines “adequate warning” as “a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.” LSA-R.S. 9:2800.53(9).
To recover under the theory of failure to warn, the plaintiffs bear the burden of establishing that (1) “the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product”; and (2) that the failure to do so proximately caused the claimant’s injuries. LSA-R.S. 9:2800.54 and 2800.57.
As discussed above, the defendants contend that the plaintiffs cannot carry their burden under the LPLA because the plaintiffs failed to present competent evidence to determine the speed and force of the accident or to show that an ordinary reasonable ordinary user would have acted differently if there had been a different warning. Plaintiffs simply respond that the provided warnings were not adequate to alert them of the risk of injury from the air bag due to a low speed [ incollision, specifically arguing at the hearing that the term “moderate force” was not defined.
In opposing a Motion for Summary Judgment on a failure to warn claim, a “mere allegation of inadequacy” is insufficient for a plaintiff to show they will be able to carry their burden of proof at trial. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 265 (5th Cir.2002).
Plaintiffs’ sole evidence consists of portions of the owner’s manual and the self-serving affidavits of plaintiffs attesting that had they known of the risk of injury from the air bags at a slow speed accident, they would not have purchased the vehicle. While plaintiffs have submitted the testimony of Mrs. Weiss stating that she was going “around 20 [miles per hour] or less” at the time of impact and that she did not think she applied her brakes before impact, there is no specific evidence regarding the force of the impact. Although plaintiffs state in several pleadings that this was not a frontal or near frontal accident, at the hearing on the motion, plaintiffs’ counsel conceded that this accident was a near frontal accident. The evidence and arguments presented by plaintiffs indicate that they were adequately warned that the air bags could deploy in a near frontal accident of moderate impact. Plaintiffs have not come forth with competent evidence to show that the accident in question was of less than moderate impact. Since the plaintiffs cannot prove that the accident in question resulted in a less than moderate impact, plaintiffs cannot carry their burden of proving that the defendants’ warning was inadequate. In other words, plaintiffs have failed to show that they will be able to carry their burden of proving that the defendants’ alleged failure to warn that the air bags could deploy at an accident that occurs at low speed resulting in a less than moderate impact was the proximate cause of the plaintiffs’ injuries.
| ^Plaintiffs also argue that there is no warning whatsoever in the owner’s manual stating that severe injury could occur from the air bags deploying. However, plaintiffs have not submitted the entire owner’s manual. Rather, they have submitted only select portions of the owner’s manual. Accordingly, plaintiffs have not shown that the manual is void of any warning stating that severe injury could occur from the air bags deploying.
Finally, plaintiffs argue that the LPLA does not require them to produce an alter *730 native warning in order to carry their burden of proof under the LPLA. While the wording of the LPLA does not specifically state that a proposed alternative warning must be produced, there is at least one case in which the court interpreted the LPLA to require the plaintiff to produce an alternative warning. In Seither v. Winnebago Industries, Inc. 2002-2091, (La.App. 4 Cir., 7/2/03), 853 So.2d 37, 42, writ denied, 03-2797 (La.2/13/04), 867 So.2d 704, the court stated:
At trial, plaintiffs presented no evidence on any of the components of an inadequate warning claim. Plaintiffs did not present expert testimony concerning warnings, nor did they present any language of a proposed adequate warning. Indeed, the only possible warning could have been not to crash the vehicle into a tree. Because plaintiff failed to present any evidence on a warning claim, the trial judge abused his discretion in failing to render the directed verdict.
In the case at bar, the only alternative warning presented by the plaintiffs is that of the argument of plaintiffs’ counsel who formulated a specific potential alternative warning stating that deployment of air bags can occur in non-frontal impacts occurring at slow speeds of 20 miles per hour or less. Since plaintiffs’ counsel conceded that the accident in question was a near frontal collision, even if this alternative warning was considered to be competent evidence, it would not be applicable to plaintiffs’ accident.

^CONCLUSION

For the foregoing reasons, the grant of the defendants’ Motion for Summary Judgment is affirmed.

AFFIRMED.