| MAXIMO URBINA | * | NO. 2025-CA-0261 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| SUNBELT RENTAL, INC., ET AL | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

<table>
<tr><td><u>CONSOLIDATED WITH:</u></td><td><u>CONSOLIDATED WITH:</u></td></tr>
<tr><td>MAXIMINO URBINA</td><td>NO. 2025-C-0214</td></tr>
<tr><td>VERSUS</td><td></td></tr>
<tr><td>SUNBELT RENTALS, INC., SUNBELT RENTALS SCAFFOLD SERVICES, LLC, SUNBELT RENTALS INDUSTRIAL SERVICES, LLC, THE TORO COMPANY AND TRAVELERS INSURANCE COMPANY</td><td></td></tr>
</table>

*RML*

**LEDET, J., DISSENTING IN PART**

I agree with the majority's decision to deny the writ application filed by The Toro Company ("Toro"), seeking supervisory review of the trial court's denial of summary judgment on the Louisiana Products Liability Act ("LPLA") design defect claim asserted by Maximino Urbina ("Mr. Urbina"). I also agree with the majority's decision to reverse the trial court's grant of summary judgment regarding the claims against Toro for construction/composition defect and the alleged negligence of Sunbelt. But, I disagree with the majority's decision to reverse summary judgment on Mr. Urbina's failure to warn claims.

La. R.S. 9:2800.57(A) provides:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care

1

to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

But, "[a] manufacturer is not required to provide an adequate warning about his product when . . . [t]he product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics." La. R.S. 9:2800.57(B)(1).

The majority concludes that discussion by Toro's expert admitting that ordinary wear, as well as moisture, could possibly lessen the grip on the handle bar, coupled with the fact that Toro did not provide a specific warning about the grip loosening, presents a genuine issue of material fact. I disagree.

"In opposing a Motion for Summary Judgment on a failure to warn claim, a 'mere allegation of inadequacy' is insufficient for a plaintiff to show they will be able to carry their burden of proof at trial." *Weiss v. Mazda Motor Corp.*, 10-608, p. 10 (La. App. 5 Cir. 11/23/10), 54 So.3d 724, 729 (quoting *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 265 (5th Cir.2002)). *See also Gruver v. Kroger Co.*, 2010-689, p. 11 (La. App. 3 Cir. 2/2/11), 54 So.3d 1249, 1256.

Toro provided an operator's manual, which instructed potential users and dictated that only trained personnel operate the buggy. Mr. Urbina did not read the manual. Further, Mr. Urbina was instructed not to operate the buggy by his direct supervisor. The record connotes that there were no previous incidents of the handle grip slipping off the handle bar. Mr. Urbina did not present evidence that the handle bar grip was a potentially damage causing characteristic such that the warnings and instructions provided were inadequate or required a specific warning.

Toro successfully pointed out the absence of factual support for Mr. Urbina's failure to warn claims. However, Mr. Urbina did not produce factual support sufficient to establish the existence of a genuine issue of material fact. As

2

no genuine issues of material fact remained, the trial court correctly granted summary judgment dismissing Mr. Urbina's claims regarding the failure to warn.

Accordingly, I dissent in part.